# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (*f/k/a The Travelers Indemnity Company of Illinois*),<br><br>  Plaintiffs,<br><br>v.<br><br>SAMIA COMPANIES, LLC<br><br>  Defendants. | Case No. 1:22-cv-10394 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, The Travelers Indemnity Company ("TIC") and Travelers Property Casualty Company of America (*f/k/a The Travelers Indemnity Company of Illinois*) ("TPC") (collectively "Travelers"), by and through their undersigned attorneys, bring this Complaint for Declaratory Judgment and allege as follows:

### Nature Of The Action

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 relating to the parties' respective rights and obligations under certain policies of liability insurance (the "Travelers Policies") that Travelers issued to Samia Companies, LLC ("Samia").

2. Samia has demanded that Travelers defend and/or indemnify it under one or more of the Travelers Policies with respect to a series of underlying lawsuits (collectively the "Underlying Suits").[1]

---

[1] The Underlying Suits are comprised of eighteen similar cases in which the plaintiffs allege that they sustained injuries during the June 2018 to August 2018 period. Travelers will produce copies of each of the Complaints filed in the Underlying Suits during discovery (though Sami already is in possession of them).

3. Travelers disputes that it has any obligation to defend or indemnify Samia in connection with the Underlying Suits under the Travelers Policies.

## JURISDICTION AND VENUE

4. TIC is a corporation incorporated under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut. At all relevant times, TIC was licensed to transact business in Massachusetts.

5. TPC is a corporation incorporated under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut. At all relevant times, TPC was licensed to transact business in Massachusetts.

6. Upon information and belief, Samia is a limited liability company created under the laws of the State of Massachusetts and has its principal place of business in Brighton, Massachusetts. Upon information and belief, the managers of Samia include Alexandra Samia Solia, Lynn Mark, and Leonard J. Samia. Upon information and belief, Alexandra Samia Solia, Lynn Mark, and Leonard J. Samia are citizens of Massachusetts.

7. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 because Defendants are diverse from Plaintiffs and the amount in controversy exceeds $75,000.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(1) as Samia is a resident of this District.

## THE TRAVELERS POLICIES

9. TIC and TPC issued the following Excess Follow-form/Umbrella Policies to Samia (*see* Exhibit 1 and Exhibit 2):

| Policy Number | Policy Period |
|---|---|
| ZUP-15T02926-17-NF | August 13, 2017 – August 13, 2018 |
| ZUP-16N29035-18-NF | August 13, 2018 – August 13, 2019 |

10. The Travelers Policies contain the following pertinent language (Ex. 1; Ex. 2).[2]

**SECTION I – COVERAGES**

**COVERAGE A – EXCESS FOLLOW-FORM LIABILITY**

**1.** We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit", that the insured becomes legally obligated to pay as damages to which Coverage **A.** of this insurance applies, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance. If a sublimit is specified in any "underlying insurance", Coverage **A** of this insurance applies to damages that are in excess of that sublimit only if such sublimit is shown for that "underlying insurance" in the Schedule Of Underlying Insurance.

**2.** Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance.

**3**. The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**.

**4**. For the purposes of Paragraph **1.** above:

   **a.** The applicable limit of insurance stated for the policies of "underlying insurance" in the Schedule Of Underlying Insurance will be considered to be reduced or exhausted only by the following payments:

   **(1)** Payments of judgments or settlements for damages that are covered by that "underlying insurance". However, if such "underlying insurance" has a policy period which differs from the policy period of this Excess Follow-Form And Umbrella Liability Insurance, any such payments for

---

[2] The language cited herein derives from Travelers Policy number ZUP-16N29035-18-NF (the "2018 Travelers Policy"). Travelers will specify how the terms and conditions of Policy Number ZUP-15T02926-17-NF (the "2017 Travelers Policy") differ from those of the 2018 Travelers Policy.

        damages that would not be covered by this Excess Follow-Form And Umbrella Liability Insurance because of its different policy period will not reduce or exhaust the applicable limit of insurance stated for such "underlying insurance";

      **(2)**    Payments of "medical expenses" that are covered by that "underlying insurance" and are incurred for "bodily injury" caused by an accident that takes place during the policy period of this Excess Follow-Form And Umbrella Liability Insurance; or

      **(3)**    Payments of defense expenses that are covered by that "underlying insurance", only if such "underlying insurance" includes such payments within the limits of insurance. However, if such "underlying insurance" has a policy period which differs from the policy period of this Excess Follow-Form And Umbrella Liability Insurance, any such payments for defense expenses that would not be covered by this Excess Follow-Form And Umbrella Liability Insurance because of its different policy period will not reduce or exhaust the applicable limit of insurance stated for such "underlying insurance".

    If the applicable limit of insurance stated for the policies of "underlying insurance" in the Schedule Of Underlying Insurance is actually reduced or exhausted by other payments, Coverage **A** of this insurance is not invalidated. However, in the event of a loss, we will pay only to the extent that we would have paid had such limit not been actually reduced or exhausted by such payments.

    **b.**    If any "underlying insurance" has a limit of insurance greater than the amount shown for the insurance in the Schedule of Underlying Insurance, this insurance will apply in excess of that greater amount. If any "underlying insurance" has a limit of insurance, prior to any reduction or exhaustion by payment of damages, "medical expenses" or defense expenses described in Paragraph **a.** above, that is less than the amount shown for that insurance in the Schedule Of Underlying Insurance, this insurance will apply in excess of the amount shown for such insurance in the Schedule Of Underlying Insurance.

**5.**    When the "underlying insurance" applies on a claims-made basis and includes a retroactive date provision, the retroactive date for Coverage **A** of this insurance is the same as the retroactive date of that "underlying insurance".

*   *   *

## SECTION V – CONDITIONS

* * *

**L.     MAINTENANCE OF UNDERLYING INSURANCE**

    **1.**     The insurance afforded by each policy of "underlying insurance" will be maintained for the full policy period of this Excess Follow-Form And Umbrella Liability Insurance. This provision does not apply to the reduction or exhaustion of the aggregate limit or limits of such "underlying insurance" solely by payments as permitted in Paragraphs **4.1.(1)**, **(2)** and **(3)** of **COVERAGE A- EXCESS FOLLOW-FORM LIABILITY OF SECTION I – COVERAGES**. As such policies expire, you will renew them at limits and with coverage at least equal to the expiring limits of insurance. If you fail to comply with the above requirements, Coverage **A** is not invalidated. However, in the event of a loss, we will pay only to the extent that we would have paid had you complied with the above requirements.

*   *   *

## SECTION VI – DEFINITIONS

**A.**     With respect to all coverages of this insurance:

    **1.**     "Applicable underlying limit" means the sum of:

        **a.**     The applicable limit of insurance stated for the policies of "underlying insurance" in the Schedule Of Underlying Insurance subject to the provisions in Paragraphs **4.a.(1)**, **(2)**, and **(3)** of the **COVERAGE A – EXCESS FOLLOW FORM LIABILITY** of **SECTION I – COVERAGES**; and

        **b.**     The applicable limit of insurance of any "other insurance" that applies.

    The limits of insurance in any policy of "underlying insurance" will apply even if:

        **a.**     The "underlying insurer" claims the insured failed to comply with any term or condition of the policy; or

5

      **b.**    The "underlying insurer" becomes bankrupt or insolvent.

\* \* \*

   **10.**   "Underlying insurance":

      **a.**    Means the policy or policies of insurance listed in the Schedule Of Underlying Insurance.

      **b.**    Includes any renewal or replacement of such policies if such renewal or replacement is during the policy period of this Excess Follow-Form And Umbrella Liability Insurance.

      **c.**    Does not include any part of the policy period of any of the policies described in Paragraphs **a.** or **b.** above that began before, or that continues after, the policy period of this Excess Follow-Form And Umbrella Liability Insurance.

   **11.**   "Underlying insurer" means any insurer which provides a policy of insurance listed in the Schedule Of Underlying Insurance.

\* \* \*

11. The Travelers Policies contain the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION – COVERAGES A AND B**

This endorsement modifies insurance provided under the following:

EXCESS FOLLOW-FORM AND UMBRELA LIABILITY INSURANCE

**PROVISIONS**

1. The following exclusion is added to Paragraph **A.** of **Section IV – EXCLUSIONS:**

   **Fungi Or Bacteria**

      **a.**    Damages arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to

6

        such damages; or

  **b.**    Damages arising out of the actual or alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any other solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, and that is part of any claim or "suit" which also alleges any damages described in Paragraph **a.** of this exclusion.

  **c.**    Any loss, cost, or expense arising out of any:

      **(1)**    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of, "fungi" or bacteria; or

      **(2)**    Claim or "suit" by or on behalf of a governmental authority because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of, "fungi" or bacteria.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

**2.**    The following is added to Paragraph **A.** of **SECTION VI- DEFINITIONS:**

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

12.    The 2018 Travelers Policy contains the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**COMMUNICABLE DISEASE EXCLUSION – COVERAGES A AND B**[3]

This endorsement modifies insurance provided under the following:

EXCESS FOLLOW-FORM AND UMBRELLA LIABILITY INSURANCE

The following exclusion as added to Paragraph **A.** of **SECTION – IV – EXCLUSIONS:**

---

[3] The Communicable Disease Exclusion Endorsement is included in the 2018 Travelers Policy only.

**Communicable Disease**

Damages arising out of the actual or alleged transmission of a communicable disease.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:

a. Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a communicable disease;

b. Testing for a communicable disease;

c. Failure to prevent the spread of the disease; or

d. Failure to report the disease to authorities.

\*   \*   \*

13. The 2017 Travelers Policy contains the following endorsement:

**SCHEDULE OF UNDERLYING INSURANCE**

This endorsement modifies insurance provided under the following:

EXCESS FOLLOW-FORM AND UMBRELLA LIABILITY INSURANCE

\* \* \*

**Type Of Coverage:** GENERAL LIABILITY   **Limits Of Liability**

Carrier: HARLEYSVILLE INSURANCE COMPANY

$1,000,000 EACH OCCURRENCE
$2,000,000 GENERAL AGGREGATE
$2,000,000 PRODUCTS/COMPLETED OPERATIONS AGGREGATE
$1,000,000 PERSONAL/ADVERTISING INJURY

Policy Number   AS PER SCHEDULE ON FILE WITH THE COMPANY

Policy Period
From: 08/13/2017
to: 08/13/2018

\*   \*   \*

14. The 2018 Travelers Policy contains the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SCHEDULE OF UNDERLYING INSURANCE**

This endorsement modifies insurance provided under the following:

EXCESS FOLLOW-FORM AND UMBRELLA LIABILITY INSURANCE

\* \* \*

**Type Of Coverage:** GENERAL LIABILITY  **Limits Of Liability**
$1,000,000 EACH OCCURRENCE
Carrier: HARLEYSVILLE                $2,000,000 GENERAL
    INSURANCE COMPANY           AGGREGATE
$2,000,000 PRODUCTS/COMPLETED OPERATIONS AGGREGATE
$1,000,000 PERSONAL/ADVERTISING INJURY

SANDS CONTEL CONDO. ASSOC.; SANDS HOTEL REALTY TRUST

Policy Period
    From: 02/12/2018
        to: 02/12/2019

\* \* \*

## THE HARLEYSVILLE POLICIES

15. The Travelers Policies sit excess of insurance policies issued by Harleysville Insurance Company ("Harleysville") (the "Harleysville Policies").

16. Harleysville issued a primary liability policy with an effective policy period of February 12, 2018 to February 12, 2019 (the "Harleysville Primary Policy").

17. The Harleysville Policy has a limit of liability of $1,000,000 per each occurrence.

18. Harleysville also issued an umbrella liability policy with an effective policy period

of April 29, 2018 to April 29, 2019 (the "Harleysville Umbrella Policy").

19. The Harleysville Umbrella Policy has a limit of liability of $1,000,000 per each occurrence.

## THE UNDERLYING SUITS

20. In the Underlying Suits, the Plaintiffs allege that they were physically present at in the vicinity of the Sands Resort at Hampton Beach ("Sands") at various times between June 2018 and August 2018.

21. In the Underlying Suits, the Plaintiffs allege that the Legionella bacteria was present in the spa at the Sands.

22. In the Underlying Suits, the Plaintiffs allege that they inhaled and ingested the Legionella bacteria that was present in the spa at the Sands.

23. In the Underlying Suits, the Plaintiffs allege they they experienced symptons consistent with Legionnaires' diesase and that they were diagnosed with Legionellosis.

24. In the Underlying Suits, the Plaintiffs allege that Sands was negligent for failing to inspect, clean, and prevent the Legionella bacteria from being present in the spa.

25. The New Hampshire Department of Health and Human Services ("NHDHHS") defines Legionella as a communicable disease (Ex. 3).

26. According to the Center for Disease Control and Prevention ("CDC"), Legionella is a bacteria (https://www.cdc.gov/legionella/about/index.html).

## COUNT I – DECLARATION OF NO COVERAGE
## UNDER THE 2018 TRAVELERS POLICY

27. Travelers reasserts and incorporates by reference (as if fully restated herein) Paragraphs 1 through 26 of this Complaint.

28. Travelers is under no duty to defend and/or indemnify Samia in connection with

10

the Underlying Suits pursuant to the terms, conditions, provisions and exclusions of the 2018 Travelers Policy as follows:

      a.    Coverage is barred under the 2018 Travelers Policy by the Fungi or Bacteria Exclusion Endorsement, because the Plaintiffs in the Underlying Suits seek to recover damages caused by bacteria.

      b.    Coverage is barred by the Communicable Disease Exclusion Endorsement, because the Plaintiffs in the Underlying Suits seek to recover damages caused by a communicable disease.

29. There exists between Travelers and Samia an actual, immediate and justiciable dispute regarding whether Travelers owes a duty to defend and indemnify Samia in the Underlying Suits.

30. Travelers therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the 2018 Travelers Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Travelers respectfully prays:

A. That this Court enter a declaratory judgment holding that, under the 2018 Travelers Policy, Travelers is under no obligation to defend and/or indemnify Samia, or to pay any expenses that Samia incurs, in connection with the Underlying Suits.

B. Awarding Travelers its costs in this action; and

C. Awarding Travelers such other and further relief as this Court deems just and proper.

## COUNT II – DECLARATION OF NO COVERAGE UNDER THE 2017 TRAVELERS POLICY

31. Travelers reasserts and incorporates by reference (as if fully restated herein)

Paragraphs 1 through 30 of this Complaint.

32. Travelers is under no duty to defend and/or indemnify Samia in connection with the Underlying Suits pursuant to the terms, conditions, provisions and exclusions of the 2017 Travelers Policy as coverage is barred by the Fungi or Bacteria Exclusion Endorsement, because the Plaintiffs in the Underlying Suits seek to recover damages caused by bacteria.

33. There exists between Travelers and Samia an actual, immediate and justiciable dispute regarding whether Travelers owes a duty to defend and indemnify Samia in the Underlying Suits.

34. Travelers therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the 2017 Travelers Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Travelers respectfully prays:

A. That this Court enter a declaratory judgment holding that, under the 2017 Travelers Policy, Travelers is under no obligation to defend and/or indemnify Samia, or to pay any expenses that Samia incurs in connection with the Underlying Suits.

B. Awarding Travelers its costs in this action; and

C. Awarding Travelers such other and further relief as this Court deems just and proper.

## COUNT III – DECLARATION OF NO COVERAGE UNDER THE TRAVELERS POLICIES

35. Travelers reasserts and incorporates by reference (as if fully restated herein) Paragraphs 1 through 34 of this Complaint.

36. Travelers is under no duty to defend and/or indemnify Samia in connection with the Underlying Suits pursuant to the terms, conditions, provisions and exclusions of the Travelers

Policies as follows:

a. Coverage is barred under the Travelers Policies to the extent Samia has failed to perform all of its obligations under the Travelers Policies, including but not limited to providing Travelers with timely notice.

b. Coverage is barred under the Travelers Policies to the extent that any "bodily injury" did not take place during the respective policy periods of the Travelers Policies.

c. Coverage is barred under the Travelers Policies for any form of injury, damage, liability or loss arising out of, or related to, contamination excluded by the pollution exclusion clauses.

d. Coverage is barred under the Travelers Policies to the extent Samia seeks recovery for liabilities arising out of the acts or omissions of any individual or organization other than those individuals or organizations declared or described as a named insured, insured or person insured in the Travelers Policies.

d. Coverage is barred under the Travelers Policies to the extent Samia seeks coverage for liabilities of entities that do not qualify as insureds under the terms of the Travelers Policies.

e. Coverage is barred under the Travelers Policies to the extent Samia failed to cooperate with Travelers in accordance with the terms of the Travelers Policies.

f. Coverage is barred under the Travelers Policies for claims arising out of the liability of others that has been assumed by contract or agreement other than as specified in the Travelers Policies.

g. Coverage is barred under the Travelers Policies and by public policy for Samia's liability for punitive or exemplary damages, in whatever form assessed.

h. Coverage is barred under the Travelers Policies to the extent Samia intentionally or

unintentionally failed to disclose or concealed, omitted or misrepresented facts material to the risks at issue in this litigation.

 i. To the extent Travelers has an obligation under the Travelers Policies or otherwise for the defense of Samia, only those amounts that constitute reasonable and necessary defense costs are reimbursable.

 j. Coverage is barred under the Travelers Policies for persons or entities which have been assigned rights to the Travelers Policies without the written consent of Travelers.

 k. Any duty of Travelers under the Travelers Policies to defend or indemnify with respect to the Underlying Suits is subject to any self-insured retention, retained limit, deductible, retrospective premium, underlying limit and/or the applicable limit(s) of liability contained in the Travelers Policies, and Travelers reserves the right to require that all such retentions, deductibles, retrospective premiums and/or limits be satisfied and exhausted.

 l. Coverage under the Travelers Policies is limited because the Travelers Policies contain various limitations on coverage, including without limitation the following provisions: (i) limits of liability; (ii) each "occurrence" limits; and (iii) aggregate limits.

 m. Travelers liability, if any, under the Travelers Policies for "bodily injury" shall not exceed the limits as stated in the Travelers Policies regardless of the number of: (i) insureds; (ii) persons who sustain "bodily injury"; or (iii) claims made or suits brought on account of "bodily injury."

 n. To the extent Travelers is determined to have any duty to reimburse or indemnify for injury, damage or loss under more than one policy issued by Travelers or any affiliate, the maximum that Travelers will pay under all such policies combined is the highest limit that applies in any one such policy.

      o.      In the event concurrent insurance under another policy applies to a loss on the same basis as any insurance which may be afforded by Travelers, Travelers shall not be liable for a greater proportion of the loss than stated in the Travelers Policies "other insurance" provisions.

      p.      Coverage is barred under the Travelers Policies to the extent Samia has failed to enforce any right of contribution or indemnity against any person or organization that may be liable to Samia because of injury or damage to which the Travelers Policies may also apply and to the extent Samia has failed to cooperate with Travelers in the enforcement of such rights.

      q.      Coverage is barred under the Travelers Policies to the extent Samia has impaired Travelers right to recover all or part of any payment Travelers makes under the Travelers Policies from any other party against which Samia had any rights to recover.

      r.      Coverage is barred under the Travelers Policies to the extent Samia failed to prove the existence and/or terms, conditions and limits of the Travelers Policies.

      s.      Coverage is barred under the Travelers Policies to the extent Samia has failed to provide Travelers with sufficient facts to demonstrate that it is entitled to coverage under the Travelers Policies.

      t.      Travelers reserves the right to assert all defenses which may be pertinent to the Underlying Suits and/or Samia's claim for coverage once the precise nature of the claim is ascertained through further discovery and investigation.

      37.      Upon information and belief, Samia disputes the applicability of the various contract provisions and defenses set forth in Paragraph 36.

      38.      There exists between Travelers and Samia an actual, immediate and justiciable dispute regarding the application and interpretation of certain terms of the Travelers Policies in connection with Samia's claim for coverage with respect to the Underlying Suits.

39. As a result of this controversy, Travelers is unable to know or judge its obligations, if any, to defend and/or indemnify Samia in connection with the Underlying Suits. Travelers therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the Travelers Policies. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Travelers respectfully prays:

A. That this Court enter a declaratory judgment holding that, under Travelers Policies, Travelers is under no obligation to defend and/or indemnify Samia, or to pay any expenses that Samia incurs in connection with the Underlying Suits;

B. Awarding Travelers its costs in this action; and

C. Awarding Travelers such other and further relief as this Court deems just and proper.

### COUNT IV – DECLARATION THAT THE TRAVELERS POLICIES HAVE NOT BEEN TRIGGERED

40. Travelers reasserts and incorporates by reference (as if fully restated herein) Paragraphs 1 through 39 of this Complaint.

41. The Travelers Policies sit excess of the Harleysville Policies and they only provide coverage if Samia can demonstrate that the Harleysville Policies have been fully and properly exhausted.

42. Each Travelers Policy specifies that "if the 'underlying insurance' has a policy period which differs from the policy period of [the Travelers Policy] any such payments for damages that would not be covered by [the Travelers Policy] because of its different policy period will not reduce or exhaust the applicable limit of insurance stated for such 'underlying insurance.'"

43. The Harleysville Primary Policy has an effective policy period of February 12, 2018

to February 12, 2019, which is different than the effective policy periods for the 2017 Travelers Policy (August 13, 2017 to August 13, 2018) and the 2018 Travelers Policy (August 13, 2018 to August 13, 2019).

44. The Harleysville Umbrella Policy has an effective policy period of April 29, 2018 to April 29, 2019, which is different that the effective policy periods for the 2017 Travelers Policy (August 13, 2017 to August 13, 2018) and the 2018 Travelers Policy (August 13, 2018 to August 13, 2019).

45. The 2017 Travelers Policy will not be triggered unless/until the limits of both Harleysville Policies are exhausted exclusively by the payment of judgments or settlements of Underlying Suits alleging injuries during the 2017 Travelers Policy's effective policy period (August 13, 2017 to August 13, 2018).

46. The 2018 Travelers Policy will not be triggered unless/until he limits of both Harleysville Policies are exhausted exclusively by the payment of judgments or settlements of Underlying Suits alleging injuries during the 2018 Travelers Policy's effective policy period (August 13, 2018 to August 13, 2019).

47. There exists between Travelers and Samia an actual, immediate and justiciable dispute regarding whether Travelers owes a duty to defend and indemnify Samia in the Underlying Suits.

48. Travelers therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the Travelers Policies. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Travelers respectfully prays:

A. That this Court enter a declaratory judgment holding that, under Travelers Policies,

Travelers is under no obligation to defend and/or indemnify Samia, or to pay any expenses that Samia incurs in connection with the Underlying Suits unless and until Travelers Policies have been triggered.

B. Awarding Travelers its costs in this action; and

C. Awarding Travelers such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Travelers Indemnity Company and Travelers Property Casualty Company of American (*f/k/a The Travelers Indemnity Company of Illinois*) hereby demand a trial by jury.

Dated: March 14, 2022  Respectfully Submitted,

Gordon Rees Scully Mansukhani, LLP

/s/ *Greil Roberts*
Greil Roberts – MA Bar # 683229
21 Custom House Street – Fifth Floor
Boston, MA 02110
Phone: (857) 263-2000
groberts@grsm.com

Daniel E. Feinberg (*pro hac vice* forthcoming)
Jonathan Federman (*pro hac vice* forthcoming)
1 North Franklin Street – Suite 800
Chicago, IL 60606
Phone: (312) 565-1400
dfeinberg@grsm.com
jfederman@grsm.com